UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BRYANT N. PETERSON,**

**Plaintiff,**

v.                                                    **Case No. 6:25-cv-31-CEM-LHP**

**VOLUSIA COUNTY CLERK OF
THE CIRCUIT COURT and
VOLUSIA COUNTY SHERIFF
DEPARTMENT,**

**Defendants.**

_____/

## ORDER

THIS CAUSE is before the Court on Defendants' Motions to Dismiss (Doc. Nos. 23 & 26), to which Plaintiff filed Responses (Doc. Nos. 27 & 38) The United States Magistrate Judge issued a Report and Recommendation (Doc. 45), recommending that the Motions be granted. Plaintiff filed Objections (Doc. 47) to which Defendant Volusia County Clerk of Court filed a Response (Doc. 48).

### I.   BACKGROUND

The full background is set forth in the R&R, and Plaintiff does not object to that recitation. Therefore, it is incorporated herein by reference. In short, a criminal judgment (Judgment, Doc. 9-2) was entered against Plaintiff in 2009 with an outstanding balance of $317,996.13. (*Id.* at 3). Plaintiff subsequently purchased real

property.[1] He sold that property in 2021, but the sale was delayed due to a lien from the Judgment. (Am. Compl., Doc. 9, at 3–4). Plaintiff alleges that the lien was unlawful and that his Fourteenth Amendment due process rights were violated.[2] (*Id.* at 4–5). Plaintiff also brings claims under Florida law. (*Id.* at 5–7). Defendants moved to dismiss Plaintiff's claims, and the R&R recommends dismissing Plaintiff's federal claim without leave to amend and to decline supplemental jurisdiction over his other claims, dismissing them pursuant to 28 U.S.C. § 1367(c)(3).

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

---

[1] Although Plaintiff's Amended Complaint does not explicitly allege that he purchased the property subsequent to the entry of the Judgment, it is implied. (*See* Doc. 9 at 5). And in his Objections, Plaintiff clarifies that it was purchased in eleven years after the entry of the Judgment. (Doc. 47 at 3).

[2] The Magistrate Judge properly construed this as a claim pursuant to 42 U.S.C. § 1983, (Doc. 45 at 11), and Plaintiff does not object to this conclusion.

## III.    ANALYSIS

Plaintiff first objects to the Magistrate Judge *sua sponte* raising the issue of the Volusia County Sheriff's Office being an improper Defendant. However, the R&R cites authority permitting that issue to be raised *sua sponte*. (Doc. 45 at 15). This Objection will be overruled.

Next, Plaintiff objects to the finding in the R&R that Plaintiff failed to allege a policy or custom employed by Defendants, which is necessary to state a *Monell* claim. Municipalities cannot be "vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). A plaintiff "must ultimately prove that the [municipality] had a policy, custom, or practice that caused the deprivation." *Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). A policy includes "decisions of [the municipality's] duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403–04 (1997) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978)). A custom includes a practice that has "not been formally approved by an appropriate decisionmaker" but that "may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404 (citing *Monell*, 436 U.S. at 690–91). Taken together, a "municipality . . . may be

held liable only if [the alleged] constitutional torts result from an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law." *Hill v. Cundiff*, 797 F.3d 948, 977 (11th Cir. 2015).

As explained by the R&R, Plaintiff merely alleges a single incident that he argues violated Florida law. Despite Plaintiff's protestations otherwise, "[a] single incident of a constitutional violation is insufficient to prove a policy or custom." *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1311 (11th Cir. 2011). Moreover, to the extent Plaintiff believes that naming Defendants in their official capacities is sufficient to allege a *Monell* claim, the above-cited legal authority establishes otherwise. This Objection will be overruled.

Next, the R&R determined that Plaintiff failed to allege a procedural due process violation. As noted, Plaintiff's due process violation is premised on a purported violation of section 55.10 of the Florida Statutes, which discusses, among other things, "[a] judgment, order, or decree becom[ing] a lien on real property." *Id.* § 55.10(1). In relevant part, it provides: "[a] judgment, order, or decree becomes a lien on real property in any county when a certified copy of it is recorded . . . provided that the judgment, order, or decree contains the address of the person who has a lien as a result of such judgment, order, or decree." *Id.* If the judgment, order, or decree does not contain the person's address, there is an

alternative option where a separate affidavit containing that address can be recorded simultaneously with the judgment, order, or decree. *Id.* In other words, "A judgment, order, or decree does not become a lien on real property unless" one of those two options are satisfied: (1) the judgment, order, or decree contains the person's address or (2) a separate affidavit containing that address is recorded simultaneously. *Id.*

Plaintiff appears to misunderstand this provision. He argues that the address of the real property upon which the lien may attach must be recorded along with the lien. But there is no such requirement. As explained above, the requirement is that the *person's* address—not the address of every piece of real property owned by that person—must be recorded. Thus, Plaintiff's argument that his after-acquired property, which was not mentioned in the recordation of the Judgment, could not be subject to the lien is incorrect.

This conclusion is further supported by section 938.30 of the Florida Statutes, which provides, in relevant part, that a criminal judgment that was "entered on a court-imposed financial obligation . . . constitutes a civil lien against the judgment debtor's presently owned *or after-acquired* real or personal property" as long as that judgment was recorded. Fla. Stat. § 938.30(8) (emphasis added). The exhibit attached to Plaintiff's Amended Complaint establishes that the judgment at issue here was recorded. (Doc. 9-2 at 4 (providing a time and date stamp of recordation)). It is also undisputed that Defendant was the "person who has a lien as a result of

such judgment," and his address at the time is included in the judgment. (*Id.*). Thus, Plaintiff has failed to show that there was any violation of the referenced Florida Statutes nor any violation of his due process rights.[3] This Objection will be overruled.

Plaintiff's Objections regarding notice are also premised on his argument that the Judgment was not properly recorded due to the address of the after-acquired property not being recorded. For the same reason, this Objection will be overruled.

Plaintiff also objects to the Magistrate Judge undertaking the above-discussed analysis because Plaintiff asserts that the Defendants did not make this argument and accuses the Magistrate Judge of addressing legal arguments not properly before her. Plaintiff is incorrect. In both Motions, Defendants argue that Plaintiff failed to state a claim because there was no violation of the referenced Florida laws, upon which Plaintiff's due process claim is premised. (Doc. 23 at 7–9; Doc. 26 at 8–10). Therefore, this Objection will also be overruled.

Plaintiff makes two more Objections regarding technicalities. First, Plaintiff disagrees with the R&R's phrasing regarding the fact that there was no equal

---

[3] The Magistrate Judge also addressed why, under Florida law, this Judgment did not have to be re-recorded after ten years under section 55.10. (Doc. 45 at 20–22). Plaintiff does not object to this portion of the R&R and concedes that his claim is not based on any purported failure to re-record the judgment. (*See* Doc. 45 at 21–22 (explaining that under Fla. Stat. § 938.30(8) "a judgment on a court-imposed financial obligation is not subject to the 10-year rerecording requirement of s. 55.10," and therefore the Judgment did not need to be re-recorded); Doc. 47 at 4 (referencing this as a "rerecording defense" and arguing that it is irrelevant here because he is attacking the original recording for failing to include the address of his after-acquired property)).

protection claim brought here, but then he concedes that there was no such claim. (Doc. 47 at 7–8). Second, Plaintiff takes issue with the Magistrate Judge's discussion about the fact that there was no challenge to the validity of the underlying Judgment, but again, he concedes that he "did not make any claims regarding the voidness of the judgment." (*Id.*). Because these Objections do not impact any conclusion or ruling, they will be overruled.

Finally, Plaintiff objects to the recommendation that he not be given leave to amend. Plaintiff argues that the Magistrate Judge should not have considered the issue because it was not properly before her. But at least one of the Defendants argued that the Amended Complaint should be dismissed with prejudice, (Doc. 26 at 19), so whether Plaintiff should be given leave to amend was necessarily addressed. Plaintiff also objects to the Magistrate Judge's futility argument. But Plaintiff does not explain how he could amend to plausibly allege a violation here. Instead, he doubles down on the arguments that he has already made—namely, that Defendants violated section 55.10 by not recording the address of the after-acquired property along with the Judgment. But as discussed at length here and in the R&R, this is a misunderstanding of the law. Any amendment here would be futile, so this Objection will also be overruled.

## IV.   CONCLUSION

After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Magistrate Judge's recommended disposition is accepted. Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objections (Doc. 47) are **OVERRULED**.

2. The Report and Recommendation (Doc. 45) is **ADOPTED** and made a part of this Order.

3. The Motions to Dismiss (Doc. Nos. 23 & 26) are **GRANTED**.

   a. Count I is **DISMISSED without leave to amend**.

   b. Counts II and III are **DISMISSED** pursuant to 28 U.S.C. § 1367(c)(3).

4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 9, 2026.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party